IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT C. BLEVINS                                                                PLAINTIFF

v.                                         NO. 17-3032

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                                   DEFENDANT

**O R D E R**

Plaintiff, Robert C. Blevins, appealed the Commissioner's denial of benefits to this Court. On October 20, 2017, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 13). Plaintiff now moves for an award of $1,347.20 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 6.85 attorney hours of work before the Court at an hourly rate of $155.00 for work performed 2017; 3.45 paralegal hours of work before the Court at an hourly rate of $75.00; and $26.70 in expenses. (Docs. 14-15). Defendant filed a response to Plaintiff's application, stating that she does not oppose an award to Plaintiff in the amount requested. (Doc. 16).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the

1

case for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $155.00 for 6.85 hours of work performed in 2017, which he asserts was devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437. Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI in support of his requested hourly rate. The Court will therefore award Plaintiff's counsel an hourly rate of $155.00.

Plaintiff's counsel has also requested 3.45 paralegal hours of work at the rate of $75.00 per hour. The Court finds $75.00 per hour for paralegal work to be reasonable.

The Court next addresses the number of hours Plaintiff's counsel claims he spent working on this case. The Court has reviewed the itemized statement, and finds the amount of 6.85 attorney hours and 3.45 paralegal hours is reasonable.

Finally, counsel seeks reimbursement for $26.70 in postage. Such expenses are recoverable under the EAJA and the Court finds $26.70 is reasonable. See Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 6.85 hours for attorney work performed in 2017, at an hourly rate of $155.00; and 3.45 paralegal hours at an hourly rate of $75.00, for a total attorney's fee of $1,320.50; and $26.70 in expenses. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Based upon the holding in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED AND ADJUDGED this 20th day of February 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE